J-S67011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AARON LAVELLE PITTS | : | |
| | : | |
| Appellant | : | No. 347 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 25, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003133-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                          **FILED MAY 07, 2020**

Appellant, Aaron Lavelle Pitts, appeals from the judgment of sentence entered on January 25, 2019 in the Criminal Division of the Court of Common Pleas of Dauphin County.  We affirm.

As this appeal challenges the denial of Appellant's motion to suppress, we confine our recitation of the facts to the findings made by the trial court based upon the evidence adduced at Appellant's suppression hearing.

> On May 10, 2016, while working with Harrisburg Police Officer Nathan Ishman, Detective [Nicholas] Licata took possession of a [cellular telephone] confiscated during the arrest of a suspect, Charles Rankin ("Rankin").  Upon receipt of Rankin's [telephone], Detective Licata searched the contact list and found the name "Wink."  Detective Licata [then initiated a text message exchange with the number attributed to Wink] and arranged a meeting with Wink for the purchase of a firearm.  At the time Detective Licata reviewed the contacts [in Rankin's cellular telephone and

---

[*] Former Justice specially assigned to the Superior Court.

forwarded text messages to Wink while posing as Rankin, Detective Licata] did not have authorization from Rankin or a search warrant. [Appellant] conversed with Detective Licata in response to the [text messages] to Wink. Apparently under the belief that he conversed with Rankin, [Appellant] appeared for the [firearms] transaction. Police arrested [Appellant at the scene].

Trial Court Opinion, 4/2/19, at 2 (record citations and footnote omitted).

By opinion and order filed on May 10, 2018, the trial court denied Appellant's motion to suppress which claimed that Detective Licata seized Appellant's statements through unlawful interception. Subsequently, at the conclusion of trial, a jury convicted Appellant of criminal attempt to possess a firearm by a prohibited person. 18 Pa.C.S.A. §§ 901(a) and 6105(a)(1). Thereafter, on January 25, 2019, the trial court imposed a sentence of not less than five nor more than 10 years' incarceration in a state correctional institution.

Appellant did not file post-sentence motions. On February 25, 2019, Appellant filed a timely notice of appeal. Pursuant to court order, Appellant timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on April 2, 2019.

On appeal, Appellant claims the trial court erred in denying his motion to suppress: 1) statements he relayed to Detective Licata during an exchange of test messages; 2) any statements relayed to police in subsequent face-to-face settings; and, 3) all items of physical evidence seized by the police. *See* Appellant's Brief at 11. Specifically, Appellant argues that

Detective Licata's acquisition of his text messages constituted unlawful interception of electronic communications under the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), 18 Pa.C.S.A. §§ 5701-5782. Appellant thus concludes that he was entitled to exclusion of the above-referenced evidence under 18 Pa.C.S.A. § 5721.1(b) (allowing aggrieved party in criminal proceeding to seek exclusion of contents of any wire, electronic or oral communication where, among other things, the communication is acquired without judicial authorization).

In reviewing challenges to an order denying suppression, our standard of review is as follows.

> [In reviewing the trial court's suppression ruling, the appellate court considers] whether [the trial court's] factual findings are supported by the record and whether [its] legal conclusions drawn from those facts are correct. When reviewing the rulings of a [trial] court, the appellate court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the [trial] court, [we are] bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Griffin**, 116 A.3d 1139, 1142 (Pa. Super. 2015).

The trial court considered and rejected Appellant's claim that Detective Licata's actions violated the Wiretap Act. It reasoned:

> No violation of the [Wiretap Act] occurred where [Appellant], under the belief that he was texting the owner of the [telephone], responded to [text messages] from police on the seized [telephone].

- 3 -

The Wiretap Act prohibits the interception or acquisition of the contents of any wire, electronic, or oral communication. 18 Pa.C.S.A. § 5702-5703. The Act defines "intercept" as:

> Aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device. The term shall include the point at which the contents of the communication are monitored by investigative or law enforcement officers.

18 Pa.C.S.A. § 5702.

[The court holds] that **Commonwealth v. Cruttenden**, 58 A.3d 95 (Pa. 2012) squarely addresses the facts *sub judice*. In **Cruttenden**, the Pennsylvania Supreme Court held that an officer's direct communication with a suspect *via* [cellular telephone] text messages while pretending to be the suspect's accomplice did not constitute interception in violation of the Wiretap Act because the text messaging was neither eavesdropping nor listening-in, but direct communication. **Id**. at 125. Here, Detective Licata did not eavesdrop or listen-in. [Appellant] communicated directly with [Detective] Licata.

Further, police misrepresentation of identity to the other party in a direct conversation does not constitute [a] violation of the Wiretap Act. The **Cruttenden** Court explained,

> That a police officer does not identify him- or herself, or misrepresents his or her identity, does not change the fact that he or she is a direct party to the conversation, and by virtue of being a direct party to the conversation, is deemed the intended recipient of the conversation under whatever identity the officer has set forth.

[**Cruttenden**, 58 A.3d at 100,] *citing* **Commonwealth v. Proetta**, 771 A.2d 823, 831 (Pa. Super. 2001).

We find no authority to support [Appellant's] argument that seizure of Rankin's [telephone] constitutes interception. Such argument relates not to the applicability of the Wiretap Act, but to Rankin's privacy interests, which [Appellant] lacks standing to assert.

Trial Court Opinion, 5/10/18, at 3-4 (not paginated).

The trial court's factual findings are supported by the record and its legal conclusions are correct.[1] Accordingly, we agree that Appellant was not entitled to exclusion of the challenged evidence. Hence, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2020

---

[1] Appellant attempts to distinguish **Cruttenden** by citing factors relevant only to an invasion of Rankin's privacy interests in his cellular telephone. Specifically, Appellant points out that Detective Licata discovered Appellant's nickname by searching the contact list on Rankin's cellular device without a search warrant and without consent from Rankin. **See** Appellant's Brief at 21. This Court, however, has previously held that an individual has no legitimate expectation of privacy under the United States Constitution or the Pennsylvania Constitution in the cellular telephone records for a telephone owned by a third party. **See Commonwealth v. Benson**, 10 A.3d 1268, 1274 (Pa. Super. 2010). Accordingly, these contentions do not merit relief.